IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DIANA S CLARK,<br>*Plaintiff*<br><br>-vs-<br><br>PHH MORTGAGE CORPORATION,<br>*Defendant* | §<br>§<br>§  SA-24-CV-00996-XR<br>§<br>§<br>§<br>§<br>§ |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendant PHH Mortgage Corporation's motion to dismiss (ECF No. 8), which the Court construes as a motion for judgment on the pleadings. Plaintiff has not filed a response and the time to do so has expired. After careful consideration, the Court **GRANTS** the motion.

### BACKGROUND

Plaintiff Diana Clark seeks to prevent Defendant PHH Mortgage Corporation ("PHH") from foreclosing on the real property located at 5928 Hidden Peak, San Antonio, Texas 78247 (the "Property").

On March 23, 2004, Plaintiff executed a promissory note (the "Note") in the principal amount of $98,400 and security instrument ("Deed of Trust") in favor of Long Beach Mortgage Company. Plaintiff pledged the Property as collateral for repayment of the Note. ECF No. 1-3 at 18–33.[1] The Deed of Trust was later assigned to Defendant. *See id.* at 36.

---

[1] Defendant attached the Note, Deed of Trust, and assignments to its notice of removal. *See* ECF No. 1-3 at 18–33. The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Because the Deed of Trust and the Note are central to the claims set forth in the Petition and referenced therein, the Court may consider them in evaluating Defendant's motion to dismiss.

Plaintiff defaulted on the loan and has not made any mortgage payments since May 2022. *See id.* at 12. Following certain foreclosure and bankruptcy proceedings in state court,[2] a foreclosure sale was eventually scheduled for August 6, 2024. *See id.* at 4.

Plaintiff filed suit against PHH in state court on August 5, 2024, alleging violations of the Texas Business and Commerce Code and the Texas Finance Code and seeking injunctive and declaratory relief. *See id.* at 2–4; ECF No. 1-4 at 2. The same day, the state court issued a temporary restraining order preventing the August 6th foreclosure sale. *See* ECF No. 1-3 at 8–9.

On September 4, 2024, PHH filed its original answer in state court, generally denying the allegations in the original petition and asserting counterclaims for breach of contract, nonjudicial foreclosure (or, in the alternative, judicial foreclosure) of the lien, and declaratory judgment. *See id.* at 10–16. On the same date, PHH removed the suit to this Court based on diversity jurisdiction. ECF No. 1.

Plaintiff's petition challenges PHH's authority to foreclose on the Property based on its failure to produce certified copies of documents showing all of the transfers and assignments of the Deed of Trust and the Note. PHH now moves to dismiss Plaintiff's claims because they rely on a meritless "show-me-the-note" theory with no basis in Texas law. ECF No. 8. Since PHH previously filed an answer in this action, ECF No. 1-3 at 10–16, the Court will construe the current motion as a motion for judgment on the pleadings under Rule 12(c). Plaintiff has not responded to the motion, and the time to do so has expired.

---

[2] In its motion to dismiss, PHH asserts that it filed an application for expedited foreclosure under rule 736 of the Texas Rules of Civil Procedure in the Judicial District Court of Bexar County, resulting in Agreed Judgment in favor of PHH issued on April 21, 2023. ECF No. 8 ¶¶ 4–5. Thereafter, Plaintiff allegedly initiated two bankruptcy actions, which were pending from June 29, 2023 to November 16, 2023 and February 6, 2024 to June 10, 2024. *See id.* ¶ 6. PHH did not address any of these actions in its state-court pleading or provide documentary evidence of such proceedings to its motion. Accordingly, the Court does not consider the foreclosure or bankruptcy actions in ruling on the merits of PHH's motion.

**DISCUSSION**

**I.     Legal Standard**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Judgment on the pleadings is appropriate only when "the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2009). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal-Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Tr. ex*

*rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery") (internal quotation marks and citations omitted).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17-CV-512-DAE, 2018 WL 8584292, at *3 (W.D. Tex., May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

**II.     Analysis**

**A.     Violation of the Texas Business & Commerce Code**

Plaintiff alleges that PHH violated the Texas Business & Commerce Code by failing to produce the original note with all allonges, transfers, and assignments. ECF No. 1-3 at 2–3. This legal theory is known as the "show-me-the-note" theory. Its supporters argue that "only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Wells v. BAC Home Loans Serv., L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011). The theory relies on that rationale that judicial enforcement of a promissory note requires the enforcing party to prove possession of the original note, and as such a mortgagee in a nonjudicial foreclosure action should be required to do the same.

The "show-me-the-note" theory has been repeatedly rejected by federal courts evaluating Texas law, including this Court. *See, e.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–54 (5th Cir. 2013); *Preston*, 931 F. Supp. 2d at 757–58; *Seeberger Bank of Am., N.A. Ventures Tr. 2013 I.H.R. v. Seeberger*, No. EP14-CV-366-KC, 2015 WL 9200878, at *20 (W.D. Tex. Dec. 16, 2015); *Kingman Holdings, L.L.C. v. U.S. Bank Tr.*, No. SA-15-CV-1083-XR, 2016 WL 429804, at *4 (W.D. Tex. Feb. 3, 2016); *Washington v. JP Morgan Chase*, No. SA-11-CV-

5

763-XR, 2013 WL 636054, at *4 (W.D. Tex. Feb. 20, 2013); *Millet v. JP Morgan Chase, N.A.*, No. SA-11-CV-1031-XR, 2012 WL 1029497, at *2–4 (W.D. Tex. Mar. 26, 2012). The Fifth Circuit has likewise held that "[t]he original, signed note need not be produced in order to foreclose," and has reaffirmed this unequivocal rejection of the "show-me-the-note" theory each time it has resurfaced. *See Martins*, 722 F.3d 249 at 253–54 (5th Cir. 2013); *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) ("A party does not need the original note bearing the wet-ink signature to foreclose."); *Casterline v. OneWest Bank, F.S.B.*, 537 F. App'x 314, 316 (5th Cir. 2013) (holding that the "show-me-the-note" theory has no merit under Texas law).

In rejecting the "show-me-the note" theory, courts have reasoned that "Texas law differentiates between enforcement of a promissory note and foreclosure." *Ray v. Citimortgage, Inc.*, No. A-11-CA-441-SS, 2011 WL 3269326, at *3 (W.D. Tex. July 24, 2011). "Foreclosure enforces the deed of trust, not the underlying note . . . [and] is an independent action against the collateral and may be conducted without judicial supervision." *Id.* In contrast, enforcement of the note is a personal action and requires a judicial proceeding. *Id.* "Thus, the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are *severable*." *Claud v. Gray*, 81 S.W.2d 647 (Tex. 1935) (emphasis added); *see also Aguero v. Ramirez*, 70 S.W.3d 372, 375 (Tex. App.—Corpus Christi 2002, pet. denied) ("Where there is a debt secured by a note, which is, in turn, secured by a lien, the note and the lien constitute separate obligations."). Accordingly, a mortgagee may elect its remedy in the event of a borrower's default—it may either seek a personal judgment against the borrower without foreclosing the lien or it may foreclose the lien and subsequently resolve with the borrower any difference in the foreclosure sale amount and the amount due on the note. *Id.*

When a note holder seeks a judgment against the borrower, the holder must typically demonstrate that it is the holder of the note by producing the original wet-ink instrument. Requiring the note holder to prove possession of the original note prevents multiple entities from attempting to collect on it. *See Resol. Tr. Corp. v. Camp*, 965 F.2d 25, 29–30 (5th Cir. 1992) ("We would not hesitate to reverse summary judgment had Appellants pointed to evidence in the record to the effect that they had a legitimate fear that the RTC was not the owner and holder of the note in question and that some other entity might later approach them demanding payment.").

In contrast, courts have held that the Texas Property Code does not require a mortgagee in a nonjudicial foreclosure action to produce the original promissory note as a prerequisite to foreclosure. *See Wells*, 2011 WL 2163987, at *3. Section 51.002 of the Code, which lays out the steps that must be taken in order to foreclose on property, does not include a provision requiring a mortgagee to produce the original promissory note. Moreover, the Property Code further provides that a mortgage servicer, such as PHH, may administer the foreclosure of property under Section 51.002 on behalf of a mortgagee. *See id.* § 51.0025. To administer the foreclosure process, the mortgage servicer need only receive written authorization from the mortgagee and disclose that fact to the mortgagors. *See id.* Nothing requires the mortgage servicer to possess the original promissory note. *See Wells*, 2011 WL 2163987, at *3 (collecting cases).

Simply put, there is simply no requirement in Texas that a foreclosing party produce the original, ink-signed note. As such, Plaintiff's claim under the Texas Business and Commerce Code fails insofar as it relies on the "show-me-the-note" theory.

### B. Violation of the Texas Finance Code

Plaintiff alleges that because PHH has failed to produce evidence of its authority to collect on the Note, any actions it has taken to foreclose on the Property "are thereby fraudulent, deceptive,

and/or misleading representations actionable under the Texas Finance Code §§392.303 and 392.304, the Texas Debt Collection Act (TDCA)." ECF No. 1-3 at 3.

Plaintiff's TDCA claim fails for the same reason that her claim under the Property Code fails: Texas does not recognize the "show-me-the-note" theory. See *Lopez v. PHH Mortg. Corp.*, No. SA-21-CV-00754-XR, 2021 WL 5771874, at *5 (W.D. Tex. Dec. 2, 2021) ("To the extent that Plaintiffs intend to argue that any attempt to initiate a non-judicial foreclosure is fraudulent by virtue of Defendant's failure to produce the original, wet-ink Note, their claim under the TDCA fails because, as explained above, Texas law does not recognize the 'show-me-the-note' theory.").

### C. Injunctive and Declaratory Relief

Plaintiff's requests for injunctive and declaratory relief must be denied, as they are not supported by a viable underlying cause of action. *See Pajooh v. Harmon*, 82 F. App'x 898, 899 (5th Cir. 2003); *see, e.g.*, *Von Scheele v. Wells Fargo Bank, N.A.*, No. SA-12-CV-690-DAE, 2013 WL 5346710, at *6 (W.D. Tex. Sept. 23, 2013); *DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Tr. Co., N.A.*, 958 F. Supp. 2d 738, 752 (W.D. Tex. 2013), *appeal dismissed* (Dec. 20, 2013) ("Because Plaintiff has not pleaded a single viable cause of action, he cannot make this showing and accordingly his request for injunctive relief is dismissed."); *Val-Com Acquisitions Tr. v. Chase Home Fin., LLC*, 434 F. App'x 395, 395–96 (5th Cir. 2011) (district court did not err in dismissing plaintiff's request for a declaratory judgment where plaintiff failed to state a claim for which relief may be granted); *see also Wells*, 2011 WL 2163987, at *3 ("Wells's claims under the Texas Property Code, the Texas Business and Commerce Code, and the Texas Debt Collection Act, as well as his request for declaratory relief, rest on the invalid 'show-me-the-note' theory. Accordingly, those allegations fail to "state a claim for relief that is plausible on face" and must be dismissed.").

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 8) is **GRANTED**, and Plaintiff's claims against PHH Mortgage Corporation are **DISMISSED**.

Defendant's counterclaims against Plaintiff remain pending.

It is so **ORDERED**.

**SIGNED** this 18th day of November, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE