IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DIANA S CLARK,<br>*Plaintiff and Counter-Defendant* | §<br>§<br>§ |
| -vs- | §     SA-24-CV-00996-XR<br>§<br>§ |
| PHH MORTGAGE CORPORATION,<br>*Defendant and Counter-Plaintiff* | §<br>§<br>§ |

**ORDER ON MOTION FOR DEFAULT JUDGMENT ON COUNTERCLAIMS**

On this date, the Court considered Defendant PHH Mortgage Corporation's motion for entry of default and default judgment on its counterclaims for breach of contract, judicial foreclosure, and declaratory judgment (ECF No. 16). Plaintiff has not filed a response and the time to do so has expired. After careful consideration, the Court **GRANTS** the motion.

**BACKGROUND**

On March 23, 2004, Plaintiff Diana Clark executed a promissory note (the "Note") in the principal amount of $98,400 and security instrument ("Deed of Trust," and, together with the Note, the "Loan Agreement") in favor of Long Beach Mortgage Company. Clark pledged the real property located at 5928 Hidden Peak, San Antonio, Texas 78247 (the "Property") as collateral for repayment of the Note. ECF No. 1-3 at 18–33. The Deed of Trust was later assigned to Defendant PHH Mortgage Corporation ("PHH"). *See id.* at 34–39.

Clark defaulted on the loan and has not made any mortgage payments since May 2022. *See id.* at 12. The total payoff through June 28, 2024 is $194,818.35, which represents the unpaid principal balance in addition to other charges due and owing under the Loan Agreement. *Id*. PHH sent Clark a Notice of Default on June 23, 2022, *See id.* at 40–44. Following certain foreclosure and bankruptcy proceedings in state court, a foreclosure sale was eventually scheduled for August 6, 2024. *See id.* at 4.

Clark filed suit against PHH in state court on August 5, 2024, alleging violations of the Texas Business and Commerce Code and the Texas Finance Code and seeking injunctive and declaratory relief. *See id.* at 2–4; ECF No. 1-4 at 2. The same day, the state court issued a temporary restraining order preventing the August 6th foreclosure sale. *See* ECF No. 1-3 at 8–9.

On September 4, 2024, PHH filed its original answer in state court, generally denying the allegations in the original petition and asserting counterclaims for breach of contract, nonjudicial foreclosure (or, in the alternative, judicial foreclosure) of the lien, and declaratory judgment. *See id.* at 10–16. On the same date, PHH removed the suit to this Court based on diversity jurisdiction. ECF No. 1.

Following removal, PHH moved to dismiss Clark's claims under Rule 12(b)(6). ECF No. 8. Clark failed to respond to the motion or answer PHH's counterclaims. After the Court granted PHH's motion to dismiss Clark's claims (ECF No. 10), PHH moved for entry of default and default judgment on its counterclaims against Clark. *See* ECF No. 16. Clark has not responded to the motion for default judgment, nor did she appear at the hearing held on January 30, 2025.

## DISCUSSION

### I.  Legal Standard

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2).

A party is not entitled to a default judgment simply because the defendant is in default, however. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is

generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering a motion for default judgment, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether the complaint sets forth facts sufficient to establish that the plaintiff is entitled to relief, and (3) what form of relief, if any, the plaintiff should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). The Court examines each factor in turn.

**II.    Analysis**

  **A.  Procedural Propriety of Default Judgment**

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

    **1.  Personal Jurisdiction**

This Court also has personal jurisdiction over the parties, as PHH has properly effected service of its counterclaims on Clark in accordance with Texas law. *See* ECF No. 1-3 at 17, 46 (electronic service of PHH's answer and counterclaims on Clark's counsel on September 4, 2024); Tex. R. Civ. P. 21 (requiring service of pleadings on all other parties); Tex. R. Civ. P. 21a (requiring electronic service of electronically filed documents when the email address of the party or attorney to be served is available).

    **2.  Subject Matter Jurisdiction**

The Court has an affirmative duty to look into its subject matter jurisdiction. *Sys. Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). PHH seeks relief for

breach of contract, nonjudicial foreclosure (or, in the alternative, judicial foreclosure) of the lien, and declaratory judgment.[1]

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides that "[t]he district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (2) citizens of a State and citizens or subjects of a foreign state [other than lawful permanent residents of the United States domiciled in the same State]." For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988). The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A corporation is a citizen of its state(s) of incorporation and of the state in which its principal place of business is located, as determined by the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). For individuals, "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

PHH asserts that Clark is a citizen of Texas, and that PHH—as a New Jersey corporation with its principal place of business in New Jersey—is a citizen of New Jersey. *See* ECF No. 1 at 3; *see also* ECF No. 1-3, Compl. ¶ 5; ECF No. 22 at 2. Thus, there is complete diversity of citizenship.

The amount-in-controversy requirement is also satisfied. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the

---

[1] The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a), does not itself provide a basis for federal jurisdiction nor does it create a substantive cause of action. 28 U.S.C. § 2201(a); *see Schilling v. Rogers*, 363 U.S. 666, 677 (1960).

4

litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961); *see also Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure). The most recent tax appraisal valued the Property at $296,130. *See* ECF No. 1 at 4.

Because there is complete diversity between the parties and the amount in controversy exceeds the jurisdictional amount, the Court concludes that it has subject matter jurisdiction over PHH's counterclaims.

**B. Sufficiency of PHH's Counterclaims**

Clark, by her default, admits PHH's "well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although the Court must accept PHH's well-pleaded facts as true, default does not warrant the entry of default judgment before the Court finds a "sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr.*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."); *see also* 10A Wright & Miller *et al.*, FED. PRAC. & PROC. CIV. § 2688 (3d ed. 2002) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). Thus, "the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec.,*

*LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). In determining whether the pleadings present a sufficient basis for PHH's claim for relief, "the Fifth Circuit has looked to the Rule 8 case law for guidance[.]" *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 815 (N.D. Tex. 2015).

### 1. PHH has properly pled a breach-of-contract claim

In Texas, a breach of contract claim requires: "(1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." *Cordero v. Avon Prods., Inc.*, 629 F. App'x 620, 623 (5th Cir. 2015) (internal quotations omitted); *Hovorka v. Cmty. Health Sys., Inc.*, 262 S.W.3d 503, 508–09 (Tex. App.—El Paso 2008, no pet.). "A breach occurs when a party fails to perform a duty required by the contract." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (internal quotation marks omitted).

Here, PHH is the beneficiary of the Note and the Deed of Trust that were transferred from Long Beach Mortgage Company to PHH. *See* ECF No. 1-3 at 34–39. PHH alleges that it performed completely under the terms of the Loan Agreement but that Clark "has breached the terms of the Loan Agreement by failing to tender payments in accordance with the Loan Agreement" since May 1, 2022. ECF No. 1-3 at 12. Specifically, PHH alleges that, as of June 28, 2024, Clark owed an unpaid balance of $194,818.35, with interest and fees continuing to accrue, and had failed to cure the default after being given the opportunity to do so. *Id.* PHH has been harmed in the amount of this unpaid balance.

Accepting PHH's allegations as true, it has satisfied the elements of a breach of contract in showing that (1) there was a valid contract in the form of an executed promissory note; (2) that PHH fully performed under the promissory note; (3) that Clark failed to perform in paying under

the loan agreement; and (4) PHH sustained damages for the unpaid payments as a result of the breach. *See id.* at 11–12. Accordingly, PHH has pled a meritorious breach of contract claim.

### 2. PHH has properly pled a claim for judicial foreclosure

PHH seeks a declaration that it is entitled to foreclose on the Property pursuant to the Deed of Trust and Texas Property Code § 51.002 (i.e., nonjudicial foreclosure) or alternatively a judgment foreclosing on the lien and an order for sale (i.e., judicial foreclosure).[2]

Under Texas law, a mortgagee may either sell property by nonjudicial foreclosure pursuant to express powers granted in a deed of trust or bring a judicial-foreclosure action. *See* TEX. PROP. CODE § 51.002(a) (describing procedures for nonjudicial foreclosure under power of sale conferred by deed of trust); TEX. CIV. PRAC. & REM. CODE § 16.035(a–b). While "the right to pursue nonjudicial foreclosure arises from the parties' contract, judicial foreclosure is a judicial remedy independent of that contract." *In re Erickson*, No. 09-11933, 2012 WL 4434740, at *6 (W.D. Tex. Sept. 24, 2012), *aff'd*, 566 F. App'x 281 (5th Cir. 2014); *Priester v. Deutsche Bank Nat'l Tr. Co.*, 832 F. App'x 240, 248 (5th Cir. 2020) ("[J]udicial foreclosure is its own cause of action under Texas law.").

"The court may order judicial foreclosure upon proof 'establishing the debt and fixing the lien.'" *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (quoting *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ)). To recover, a movant must prove a financial obligation and the lien securing it, a default on the loan, and that the property subject to foreclosure is the same property subject to the lien. *Id.* (citing *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2011, no pet.)); *see* TEX. R. CIV. P. 309.

---

[2] "Judicial foreclosure and foreclosure under the power of sale in a deed of trust are remedies which cannot be concurrently prosecuted." *Thurman v. F.D.I.C.*, 889 F.2d 1441, 1445 (5th Cir. 1989)) (citing *Kaspar v. Keller*, 466 S.W.2d 326, 329 (Tex. Civ. App.—Waco 1971, writ ref'd n.r.e.)).

PHH has established each of the required elements for judicial foreclosure. Clark signed a promissory note in the amount of $98,400, secured by a mortgage on the Property that is now subject to foreclosure. ECF No. 1-3 at 18–33. By failing to respond to PHH's counterclaim, Clark has admitted that the Loan is in default and that, as of June 28, 2024, she owed a total of $194.818.35, reflecting the unpaid principal balance in addition to other charges due and owing under the Loan Agreement. ECF No. 1-3 at 12.

3. **Forms of Relief**

    a. **Writ of Possession**

PHH seeks a writ of possession against any occupant in possession of the Property in accordance with TEX. R. CIV. P. 310. *Id.* at 16.

A writ of possession is "a form of process employed to enforce a judgment to recover the possession of land by commanding the sheriff to enter on the land and give possession of it to the person entitled under the judgment." *Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x 810, 815 (5th Cir. 2018) (quotations omitted). Under Texas Rule of Civil Procedure 310, which governs the foreclosure process in this diversity action, "a party seeking to foreclose on a property is entitled to a writ of possession once the court renders a judgment of foreclosure." *Bank of N.Y. Mellon Tr. Co., Nat'l Ass'n v. Millard*, No. A-15-CA-01035-SS, 2017 WL 3446033, at *4 (W.D. Tex. Aug. 10, 2017) (quotations omitted).

Based on its right to pursue judicial foreclosure, PHH is also entitled to a writ of possession.

    b. **Damages**

Damages awarded in a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Usually, non-liquidated damages are proven at a hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (citing *United Artists*

*Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) for the general rule that non-liquidated damages in default judgment are not awarded without evidentiary hearing). But where a mathematical calculation of unliquidated damages is possible with reference to adequately detailed affidavits, a hearing is unnecessary. *Id.* The discretionary nature of whether to conduct a hearing is supported by the express language in the Federal Rules themselves. *See* FED. R. CIV. P. 55(b)(2) (emphasis added) ("The court may conduct hearings . . . when, to enter or effectuate a judgment, it needs to: . . . (B) determine the amount of damages[.]").

Here, Plaintiff seeks a sum certain and thus the damages can be determined without a hearing. In addition, PHH seeks the same amount and kinds of damages sought in its counterclaim. PHH's counterclaim seeks damages in the amount of $194.818.35, along with pre-judgment and post-judgment interest and costs. ECF No. 1-3 at 13. The Court finds this amount proper and further awards post-judgment interest and costs of court.

PHH has clarified, however, that "[n]o personal liability is sought against [Clark]." ECF No. 1-3 at 13–14. The Court construes this statement as a waiver of any deficiency claim against Clark. *Provident Nat. Assur. Co. v. Stephens*, 910 S.W.2d 926 (Tex. 1995). To avoid a windfall to PHH, all damages must be satisfied out of the proceeds of the foreclosure contemplated in this order.

    c. **PHH is entitled to declaratory relief**

The Declaratory Judgment Act provides that "[i]n a case of an actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

9

A district court considering a declaratory judgment action must engage in a three-step inquiry, determining: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holms County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

### i. Justiciability

The DJA does not create a substantive cause of action. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Rather, "[a] declaratory judgment action is merely a vehicle that allows a party to obtain an 'early adjudication of an actual controversy' arising under other substantive law." *MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08–CV–1658–D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (quoting *Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 193, 194 (5th Cir. 1991)). "A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Orix Credit Alliance*, 212 F.3d at 896 (citations omitted). "The 'actual controversy' required under 28 U.S.C. § 2201(a) 'is identical to the meaning of "case or controversy" for the purposes of Article III.'" *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (quoting *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997)).

The Court concludes that PHH's request for declaratory relief is justiciable because its viable breach-of-contract claim and the parties' competing claims to the Property present a controversy that is ripe for adjudication. *See Ditech Fin. LLC v. Kalil*, No. 6:16-CV-365-RP-JCM, 2017 WL 11048961, at *3 (W.D. Tex. Jan. 23, 2017), *report and recommendation adopted*, No. 6-16-CV-365 RP, 2017 WL 11048939 (W.D. Tex. Feb. 14, 2017) (parties' competing claims to interest in a home created a ripe issue for adjudication); *Hurd v. BAC Home Loans Servicing, LP*,

880 F. Supp. 2d 747, 769 (N.D. Tex. 2012) (claim for declaratory judgment was justiciable because it was premised on viable breach-of-contract claim).

### ii. Requisite Authority

"[A] district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283." *Sherwin-Williams Co.*, 343 F.3d at 388 n.1 (citations omitted).

Nothing before the Court establishes the existence of a similar, parallel state court action relating to this cause. With no evidence of a similar pending state court action, the Court has the authority to grant declaratory relief. *Id.* Accordingly, the Court turns to whether to exercise its jurisdiction over this declaratory judgment action.

### iii. Propriety of Declaratory Relief

Under the third step set forth in *Orix Credit Alliance*, a district court faced with an action for declaratory relief must determine whether to exercise or decline jurisdiction.

The Fifth Circuit has stated that, when determining whether to exercise or decline jurisdiction over a declaratory judgment action, a district court should consider several important factors: (1) whether a state action is pending in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed the declaratory action suit in anticipation of a suit by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is convenient for the parties and witnesses; (6) whether retaining the case in federal court will serve judicial economy; and (7) whether the federal

court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Sherwin-Williams*, 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)).

The record before the Court weighs in favor of resolving Plaintiff's request for declaratory relief. There is no evidence of a parallel state court action. In addition, fairness weighs in favor of granting default judgment, and a declaratory judgment would further judicial efficiency. A declaratory judgment in this case will settle the question of the parties' respective right, title, and interest in the Property.

### C. Whether Default Judgment is Warranted

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998). In deciding whether to exercise its discretion to enter default judgment, the Court considers:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

To begin, taking all factual allegations in the complaint as true, the Court concludes that PHH's allegations state a claim upon which relief can be granted, and default judgment is appropriate.

As a result, the Court concludes that the first *Lindsey* factor weighs in favor of a default judgment. Clark has filed no responsive pleadings and is deemed to have admitted to the facts alleged in the counterclaim. Thus, there are no material issues in dispute. *Lindsey*, 161 F.3d at 893.

Second, Clark's failure to answer effectively prejudices PHH as it brings the legal process to a halt, causing substantial prejudice to PHH. *Id.*

Third, the grounds for default are "clearly established" since, throughout this case, Clark has not responded to the complaint or PHH's motion. *See J.D. Holdings, LLC v. BD Ventures, LLC,* 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (explaining that default judgment is appropriate where the defendants are totally unresponsive and the failure to respond is willful, as reflected by the parties' failure to respond to the complaint or the motion for default judgment).

Fourth, there is no evidence before the Court suggesting that Clark's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.

Fifth, Clark has had over six months to respond to PHH's counterclaims or otherwise appear in this matter since being served with PHH's answer. Any purported harshness of a default judgment is mitigated by Clark's inaction for this time period. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018).

Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Clark. *Lindsey*, 161 F.3d at 893. Therefore, the Court finds that it is appropriate to exercise its discretion to grant default judgment in this matter.

### D. Attorneys' Fees

Texas law applies to an award of attorneys' fees in diversity cases such as this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be recovered under mortgage contracts. *See Richardson v. Wells Fargo Bank, Nat'l Ass'n*, 740 F.3d

1035, 1040 (5th Cir. 2014); *Santry v. Ocwen Loan Servicing LLC*, No. 3:23-cv-649-K-BN, 2024 WL 4229990, at *9 (N.D. Tex. Sept. 3, 2024).

Here, the Note and the Deed of Trust provide for the recovery of attorneys' fees in connection with efforts to enforce the Loan Agreement. The Note states that "the Note Holder will have the right to be paid back by [the borrower] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law[.] Those expenses include, for example, reasonable attorneys' fees." ECF No. 1-3 at 20. The Deed of Trust likewise states that "Lender shall be entitled to collect all expenses incurred in pursuing [its] remedies [upon default], including, but not limited to, court costs [and] reasonable attorneys' fees[.]" *Id.* at 29.

Because it is permitted in the Loan Agreement, PHH is entitled to its reasonable attorneys' fees for pursuing its claims for breach of contract and nonjudicial foreclosure. *See TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-cv-2589-M-BN, 2016 WL 2856006, at *4 (N.D. Tex. Apr. 18, 2016).

PHH shall file a separate application for attorneys' fees, no later than 14 days after entry of a judgment in this case, that establishes the amount of the reasonable and necessary attorneys' fees and costs that it has incurred, with supporting evidence, based on an acceptable method for calculating attorneys' fees under the Loan Agreement.

## CONCLUSION

For the foregoing reasons, PHH's motion for default judgment (ECF No. 16) is **GRANTED**. A final judgment in favor of PHH will follow in accordance with Rule 58.

PHH is awarded attorneys' fees and costs and shall file an application for attorneys' fees and a bill of costs in the form required by the Clerk of the Court, each with supporting documentation, within fourteen days of the entry of the Judgment. *See* Local Rule 54.

It is so **ORDERED**.

**SIGNED** this 19th day of March, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE